NATIONAL CITY BANK, NORWALK, Appellee,

v.

STANG, Appellant, et al.

[Cite as *Natl. City Bank, Norwalk v. Stang* (1992), 84 Ohio App.3d 764.]

Court of Appeals of Ohio,
Huron County.

No. H–92–019.

Decided Dec. 30, 1992.

*Richard Lynch,* for appellee.

*Robert Reno,* for appellant.

SHERCK, Judge.

This is an appeal from a monetary judgment which was granted by the Norwalk Municipal Court in an action for unjust enrichment based on money had and received. Because we find that the manifest weight of the evidence does not support the granting of the judgment, we reverse and remand.

This case involves forgery, easy credit, bankruptcy, equity and the division of labor among spouses. Kimberly Stang is married to appellant David H. Stang. Prior to the inception of this case, Kimberly found herself the frequent recipient of credit card offers. Between fifteen and nineteen times, Kimberly applied for and received credit cards, forging appellant's signature on the applications. She used the cards and built up substantial debt. However, appellant remained unaware of the situation as Kimberly was the spouse in charge of household finances; appellant's financial role was one of primary breadwinner, while his spouse managed the household.

In March 1991, in an effort to get some relief from the debts she had incurred, Kimberly applied for a loan from appellee, National City Bank, Norwalk. She represented to the bank that she and appellant jointly wished to borrow some $1,900. A bank officer prepared the promissory note and gave it to Kimberly with instructions to procure appellant's signature. Instead, Kimberly left the bank, forged appellant's signature on the note and returned, representing the

forgery as appellant's signature. Although appellant had a signature card on file with the bank, there is no evidence that any bank official compared the signature on the note with the signature card.

Appellee deposited the loan proceeds into the Stangs' joint checking account. Over the next month, appellant's weekly salary was also deposited into the joint account, as was a tax refund. Kimberly continued to issue checks. Some checks were issued for payment of the various debts that she had incurred, and some were issued for family expenses such as food and housing.

By April 15, 1991, the balance of the joint account was again reduced to approximately what it had been prior to the loan. Still, appellant knew nothing of these transactions.

Kimberly made some payments on the loan from appellee. However, it was not until August 1991, that she informed appellant of the debts she had incurred, including the loan from appellee.

On August 28, 1991, appellee brought suit against appellant and Kimberly, seeking $1,498.86, which was the unpaid portion of the loan. Kimberly answered and admitted her indebtedness. Appellant denied any liability.

On November 7, 1991, appellee filed an amended complaint. Count I sought payment on the note. Count II alleged that money had been deposited to the account of appellant, appellant had retained the funds, and appellant was, as a result, unjustly enriched.

Kimberly then initiated bankruptcy proceedings. Accordingly, the trial court ordered proceedings involving her stayed.

On March 6, 1992, the matter proceeded to trial. The complaint against Kimberly was dismissed; judgment was granted in favor of appellant on Count I of the amended complaint, the suit on the note; but a monetary judgment for the loan balance with interest at the statutory rate was issued for appellee on Count II, the unjust enrichment claim. Appellant then appealed to this court, offering as his sole assignment of error:

"The trial court's granting of judgment in reference to appellee's Count II was unsupported by the facts and contrary to law."

■ A judgment in a civil case will not be reversed as contrary to the manifest weight of the evidence where there is some competent, credible evidence in the record supporting each essential element of the prevailing party's case. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

■ Ohio recognizes an action for money had and received when a party to a contract has fully performed and another party has been unjustly enriched

thereby. *Hummel v. Hummel* (1938), 133 Ohio St. 520, 11 O.O. 221, 14 N.E.2d 923. The action is an equitable action, based not on contract but on a moral obligation to make restitution where retention of benefits bestowed would result in inequity and injustice.. *Id.* Thus, a party to a contract may defeat an action on the contract but, nevertheless, be liable in equity. *Id.*

In *Hummel,* the defendant, who was the son of the plaintiffs, contracted to pay to his parents the proceeds of an insurance policy. The contract was not enforceable due to the Statute of Frauds. However, when the son received the cash surrender value of the policy and deposited the funds in a joint account with his spouse, equity allowed the parents to recover the proceeds in a quasi-contract action for unjust enrichment or money had and received. The defendant's wife in *Hummel* stood in a somewhat similar position as the appellant in the case at bar in that she was not a party to the contract. She was, nevertheless, held jointly liable because she directly participated by acting together with her husband in withholding funds from the plaintiff. However, in the case *sub judice,* the evidence is unequivocal that appellant had no part in the fraud on appellee. He was unaware of the debts incurred, the loan, and the disbursal until after the facts. In short, unlike the spouse in *Hummel,* appellant was an innocent party.

■ There are occasions where an innocent party may be liable for restitution to a defrauded party. *Oakley Bldg. & Loan Co. v. Murphy* (1948), 84 Ohio App. 539, 40 O.O. 26, 84 N.E.2d 749. In such a case, the innocent party is liable for restitution only if actually enriched and only if there has been no change of circumstances making it inequitable to require restitution. *Id.* at 543, 40 O.O. at 28, 84 N.E.2d at 751, citing with approval Restatement of the Law, Restitution (1936), Section 142. One of the basic principles applicable to this area of the law is that a defendant is liable only to the extent of the enrichment. See Restatement of the Law, Restitution (1936), Section 142. Comment *b* to that section provide us with guidance. Comment *b* describes a scenario similar to the case at bar: one party, by the use of fraud, obtains money from another, and deposits the money to a defendant's account. As a result, the defendant is enriched. However, if the money is subsequently withdrawn before the defendant becomes aware of the benefit, the defendant's duty of restitution is diminished. On the other hand, where the money is withdrawn from the account, but then used to reduce debts of the defendant, the discharge of the debts is a benefit equal to the funds so employed. Therefore, if Kimberly deposited the fraudulently obtained funds in appellant's account, but then withdrew the funds partly to pay for her own separate debts, and partly to pay for debts upon which appellant was personally liable, then appellant would be liable to make restitution only for the amount by which he benefitted, that is, the amount of his personal debt extinguished on his behalf by Kimberly. Even this amount, as we previously noted, is subject to the

equitable rule of no change in the defendant's circumstances if restitution is sought.

■ A husband is not answerable for the acts of his spouse. R.C. 3103.08. Therefore, for this court to sustain the judgment of the trial court, we would have to find that there was some competent, credible evidence which tended to show that the entire amount awarded to appellee was expended exclusively to diminish appellant's personal debt. That is not the state of the evidence. Instead, the record is clear that some great share of the loan proceeds was used by Kimberly to diminish her own debts for which appellant was not personally liable. We must conclude, then, that to the extent which the court found appellant liable for the entire amount of the loan proceeds not repaid by Kimberly, the judgment is not supported by the manifest weight of the evidence. Accordingly, appellant's sole assignment of error is found to be well taken.

Although App.R. 12(C) allows this court to render final judgment where the sole assignment of error concerns the weight of the evidence, in this case it is not appropriate for us to do so. It is not for this court to perform the necessary accounting or to make equitable determinations. Instead, we will vacate the judgment of the trial court and remand for further proceedings.

On consideration whereof, the court finds that substantial justice has not been done the party complaining. The judgment of the Norwalk Municipal Court is reversed and this cause is remanded to that court for further proceedings not inconsistent with this opinion. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed.*

GLASSER, P.J., and ABOOD, J., concur.