OPINION
Appellants ATS Ohio, Inc. ("ATS") and Vigilant Insurance Company ("Vigilant") are appealing the decision of the Delaware County Court of Common Pleas that granted summary judgment on behalf of Appellee Bank One, N.A. ("Bank One"). The following facts give rise to this appeal. Between September 1990 and April 1996, ATS's former controller, Brian Shively, embezzled over $200,000 from ATS's checking account with Bank One. Shively used the money he embezzled from ATS to pay on a revolving credit account he had with Bank One. Shively embezzled the funds by writing corporate checks payable to Bank One and coded as payments for federal tax deposits. Shively would sign the checks, obtain a second authorized signature from ATS's general manager and deliver the checks to Bank One with instructions, based on "payment coupons", to credit the proceeds of ATS's checks to his personal lines of credit, not to ATS's federal tax accounts. Near the end of April 1996, Barbara Palmer, a cost accountant for ATS, found evidence indicating Shively stole from petty cash and misused his expense account. Shively subsequently admitted a problem and left ATS. ATS notified Vigilant Insurance Company, its fidelity insurance carrier, of a possible claim and began investigating. Palmer thereafter discovered Shively's scheme with ATS's tax deposit checks. In June 1996, ATS and Vigilant filed a complaint against Shively. In December 1996, after further discovery and ATS's request that Bank One reimburse its account in the amount of $132,750, ATS filed an amended complaint joining Bank One as a defendant. On November 13, 1997, ATS filed a motion for partial summary judgment requesting judgment in the amount of $197,500 against Bank One. Bank One filed a cross-motion for summary judgment on December 19, 1997. On December 24, 1997, ATS and Vigilant served a motion for partial summary judgment against Shively to recover $303,033.33. On May 28, 1998, the trial court granted Bank One's cross-motion for summary judgment and denied ATS and Vigilant's motion for partial summary judgment against Bank One. On June 29, 1998, ATS and Vigilant filed a motion requesting reconsideration of its decision granting Bank One's cross-motion for summary judgment or in the alternative, make the judgment a final appealable order. The trial court overruled the motion on November 25, 1998. On January 21, 1999, Bank One voluntarily dismissed its contingent cross-claim against Shively, without prejudice, and the trial court signed an agreed final judgment dismissing ATS and Vigilant's claims against Shively, with prejudice, pursuant to the December 1998 compromise settlement agreement. ATS and Vigilant timely filed their notice of appeal and set forth the following assignments of error for our consideration:
 I. THE COMMON PLEAS COURT ERRED BY FAILING TO HOLD THE UNIFORM FIDUCIARY ACT AND THE SYLLABUS OF THE SUPREME COURT'S 1990 OPINION IN MASTER CHEMICAL CORP. V. INKROTT, RATHER THAN THE UNIFORM COMMERCIAL CODE, STATE THE CONTROLLING LAW GOVERNING BANK ONE'S LIABILITY FOR MISAPPLYING FEDERAL TAX DEPOSIT CHECKS TO A DISHONEST EMPLOYEE'S PERSONAL DEBTS OWED TO BANK ONE.
 II. THE COMMON PLEAS COURT ERRED BY HOLDING THE UNIFORM FIDUCIARY ACT AND THE SYLLABUS OF THE SUPREME COURT'S 1990 OPINION IN MASTER CHEMICAL CORP. V. INKROTT DO NOT STATE THE CONTROLLING LAW GOVERNING BANK ONE'S LIABILITY FOR MISAPPLYING FEDERAL TAX DEPOSIT CHECKS WITH TWO SIGNATURES TO A DISHONEST EMPLOYEE'S PERSONAL DEBTS OWED TO BANK ONE.
 III. THE COMMON PLEAS COURT ERRED BY HOLDING THE ENACTMENT OF R.C. 1303.60(A) OF THE 1994 AMENDMENTS TO THE UCC WAS A DE FACTO (SIC) REPEAL OF R.C. 1339.09 OF THE UNIFORM FIDUCIARY ACT AND THE SYLLABUS OF THE SUPREME COURT'S 1990 OPINION IN MASTER CHEMICAL CORP. V. INKROTT.
 IV. THE COMMON PLEAS COURT ERRED BY FAILING TO HOLD BANK ONE IS LIABLE AS A MATTER OF LAW UNDER THE SECOND PARAGRAPH OF R.C. 1339.09 FOR MISAPPLYING FEDERAL TAX DEPOSIT CHECKS TO A DISHONEST EMPLOYEE'S PERSONAL DEBTS OWED TO BANK ONE.
 V. THE COMMON PLEAS COURT ERRED BY FAILING TO HOLD BANK ONE IS LIABLE AS A MATTER OF LAW UNDER THE "BAD FAITH" EXCEPTION OF R.C. 1339.09 FOR MISAPPLYING FEDERAL TAX DEPOSIT CHECKS TO A DISHONEST EMPLOYEE'S PERSONAL DEBTS OWED TO BANK ONE.
 VI. THE COMMON PLEAS COURT ERRED BY FAILING TO HOLD BANK ONE IS LIABLE AS A MATTER OF LAW UNDER THE "ACTUAL KNOWLEDGE OF BREACH OF THE FIDUCIARY OBLIGATION" EXCEPTION OF R.C. 1339.09 AND R.C. 1303.37(B)(4)(a) FOR MISAPPLYING FEDERAL TAX DEPOSIT CHECKS AFTER AUGUST 19, 1994 TO A DISHONEST EMPLOYEE'S PERSONAL DEBTS OWED TO BANK ONE.
 VII. THE COMMON PLEAS COURT ERRED BY HOLDING BANK ONE DID NOT OBTAIN ANY UNJUST FINANCIAL BENEFIT FROM MISAPPLYING FEDERAL TAX DEPOSIT CHECKS TO A DISHONEST EMPLOYEE'S PERSONAL DEBTS OWED TO BANK ONE.
 VIII. THE COMMON PLEAS COURT ERRED BY HOLDING ATS OHIO'S EQUITABLE CLAIM FOR "MONEY HAD AND RECEIVED" DOES NOT RAISE GENUINE ISSUES OF DISPUTED MATERIAL FACT REQUIRING A TRIAL FOR RESOLUTION.
Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrates the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based on this standard that we review appellants' assignments of error.
 I, II, III
We will address appellants' First, Second and Third Assignments of Error simultaneously as all concern whether the trial court erred by failing to hold that the Uniform Fiduciary Act and the syllabus of Master Chemical Corp. v. Inkrott (1990), 55 Ohio St.3d 23
are the applicable law governing Bank One's liability. Appellants also contend, in their Third Assignment of Error, that the trial court erred by holding the enactment of R.C. 1303.60(A) was a de facto repeal of R.C. 1339.09 of the Uniform Fiduciary Act and the syllabus of the Inkrott decision. We disagree with appellants' first three assignments of error. In support of these assignments of error, ATS argues Bank One should have complied with the legal principles stated in the syllabus of the Inkrott decision which provides: In an action against a bank for wrongful payment of a check deposited, where the payee-bank presents the defense that it dealt with an individual knowing him to be a fiduciary, the drawer-depositor, in order to successfully maintain such action, must show that the bank had actual knowledge of the fiduciary's breach of the fiduciary obligation, or that the bank had knowledge of such facts that its actions in paying the checks amounted to bad faith, or that the fiduciary was indebted to the bank and the funds were applied to that indebtedness.
Appellants also maintain that an amendment to the Uniform Commercial Code in 1994, which added R.C. 1303.37, increased Bank One's potential liability for misapplication of checks under the Inkrott decision. This statute provides, in pertinent part: (B) If an instrument is taken from a fiduciary for payment or collection or for value, the taker has knowledge of the fiduciary status of the fiduciary, and the represented person makes a claim to the instrument or its proceeds on the basis that the transaction of the fiduciary is a breach of fiduciary duty, all of the following rules apply:
 * * * (4) If an instrument is issued by the represented person or by the fiduciary of the represented person to the taker as payee, the taker has notice of the breach of fiduciary duty if any of the following apply:
* * *
 (a) The instrument is taken in payment of or as security for a debt known by the taker to be the personal debt of the fiduciary.
Appellants maintain R.C. 1303.37(B)(4)(a) imposes liability on Bank One.
We agree with the trial court's conclusion that the Inkrott decision is inapplicable to the case sub judice. The Ohio Supreme Court decided Inkrott in 1990, prior to the 1994 amendment to the Uniform Commercial Code. Further, in Inkrott, plaintiffs sued for wrongful payment of checks deposited. However, in the matter currently before the court, ATS sued for conversion. Finally, Inkrott differs factually from the present case. In Inkrott, Master Chemical's controller took checks, made payable to the Toledo Trust Company, altered the amounts and deposited them into an account he established in an assumed name. Inkrott at 23, 24. The Ohio Supreme Court agreed with the court of appeals' conclusion that the checks were not properly payable because Toledo Trust Company did not pay the proceeds to the payee, but found that Toledo Trust Company and Master Chemical had, by contract, altered their legal obligations. Id. at 24. The Ohio Supreme Court held that the Toledo Trust Company was liable for failing to pay the check to the named payee, citing the rule that checks made payable to the bank are not bearer paper and a bank treating such a check as bearer paper does so at its own peril. Id. at 25. In the case sub judice, the checks Bank One received were payable to Bank One and were in fact paid to Bank One. For this reason, ATS did not bring a claim for wrongful payment of the checks as the checks were properly paid. Instead, ATS filed a claim for conversion. We find the trial court properly concluded that ATS cannot maintain a cause of action for conversion pursuant to R.C. 1303.60(A), amended in 1994, which provides that "[a]n action for conversion of an instrument may not be brought by the issuer * * * of the instrument * * *." Pursuant to this statute, ATS, as issuer of the check, is precluded from maintaining a cause of action for conversion. This is based on the fact that a check is not the "property" of the drawer but rather an obligation of the drawer. Official Comment 1 to UCC Section 3-420 explains: There is no reason why a drawer of a check should have an action in conversion. The check represents an obligation of the drawer rather than property of the drawer. The drawer has an adequate remedy against the payor bank for recredit of the drawer's account for unauthorized payment of the check.
We also find the trial court did not hold that R.C. 1303.60(A) repealed R.C. 1339.09 and the syllabus in Inkrott. In the judgment entry granting Bank One's cross-motion for summary judgment, the trial court stated: Inkrott further stands for the proposition that a drawer or issuer of a check has an action against a bank to recredit the drawer's account where a check has not been properly paid. ATS has not brought a claim for wrongful payment of the checks, but for conversion of the checks. Judgment Entry, May 28, 1998, at 6-7.
The trial court did not find that R.C. 1303.60 overruled the Inkrott decision, it merely determined that Inkrott was inapplicable because it dealt with a claim for wrongful payment of checks deposited as opposed to a claim for conversion. The trial court also did not hold that R.C. 1303.60 overruled R.C.1339.09. Instead, the trial court determined it was not applicable to this case because the checks at issue were drawn by more than one person and the funds were applied to the payment of the debt of only one of the of co-signors. Judgment Entry, May 28, 1998, at 10. Appellants' First, Second and Third Assignments of Error are overruled.
 IV, V, VI
Appellants' Fourth, Fifth and Sixth Assignments of Error focus on R.C. 1339.09. In their Fourth Assignment of Error, appellants contend the trial court erred by failing to hold Bank One liable, as a matter of law, under the second paragraph of R.C. 1339.09. In their Fifth Assignment of Error, appellants maintain the trial court erred in failing to hold Bank One liable, as a matter of law, under the "bad faith" exception contained in R.C. 1339.09. Finally, in their Sixth Assignment of Error, appellants claim the trial court erred by failing to hold Bank One liable, as a matter of law, under the "actual knowledge of breach of the fiduciary obligation" exception contained in R.C. 1339.09 and R.C.1303.37(B)(4)(a). We agree with these assignments of error. The statute at issue, in these assignments of error, R.C. 1339.09, provides as follows:
 If a check is drawn upon his principal's account by a fiduciary who is empowered to do so, the bank may pay such check without being liable to the principal, unless the bank pays the check with actual knowledge that the fiduciary is committing a breach of his obligation as fiduciary in drawing such check or with knowledge of such facts that its action in paying the check amounts to bad faith. If such check is payable to the drawee bank and is delivered to it in payment of or as security for a personal debt of the fiduciary to it, the bank is liable to the principal if the fiduciary in fact commits a breach of his obligation as fiduciary in drawing or delivering the check.
(Emphasis added.)
Based on the language of the above statute, we find the second paragraph of R.C. 1339.09 expressly creates liability of Bank One. Checks were drawn on ATS's account by Shively and Moreno, fiduciaries empowered to do so. Further, the checks at issue were payable to Bank One, the drawee bank and were delivered to it in payment of fiduciary Shively's personal debt. Also, under R.C.1303.37(B)(4)(a), Bank One was repeatedly charged with notice of the numerous breaches of Shively's fiduciary duty. These notices are sufficient to establish Bank One's bad faith in repeatedly paying the checks pursuant to the second prong of the first paragraph of R.C. 1339.09. The trial court found R.C. 1339.09
inapplicable because the checks at issue were drawn by more than one person, but the funds were applied to the debt of only one co-signor. The Louisiana Supreme Court rejected this argument in the case of Guaranty Bank Trust Co. v. CR Dev. Co., Inc. (1972), 258 So.2d 543, 548. For the reasons stated in that case, we do the same. Thus, we conclude genuine issues of material fact exist concerning Bank One's liability under R.C. 1339.09 and R.C.1303.37(B)(4)(a). The trial court improperly granted summary judgment on these claims. Appellants' Fourth, Fifth and Sixth Assignments of Error are sustained.
 VII, VIII
We will address appellants' Seventh and Eighth Assignments of Error simultaneously as both concern related issues. Appellants maintain, in their Seventh Assignment of Error, the trial court erred by holding Bank One did not obtain any unjust financial benefit from misapplying federal tax deposit checks to a dishonest employee's personal debts owed to Bank One. In their Eighth Assignment of Error, appellants contend the trial court erred by holding ATS's equitable claim for money had and received does not raise a genuine issue of disputed material fact. We disagree with both assignments of error. In the case of National City Bank v. Stang (1992), 84 Ohio App.3d 764, the court of appeals discussed the law relevant to a claim for money had and received: Ohio recognizes an action for money had and received when a party to a contract has fully performed and another party has been unjustly enriched thereby. [Citations omitted.] The action is an equitable action, based not on contract but on a moral obligation to make restitution where the retention of benefits bestowed would result in inequity and injustice. [Citations omitted.] Thus, a party to a contract may defeat an action on the contract, but nevertheless be liable in equity. [Citations omitted.]
* * *
There are occasions where an innocent party may be liable for restitution to a defrauded party. [Citations omitted.] In such a case, the innocent party is liable for restitution only if he was actually enriched and only if there has been no change of circumstances making it inequitable to require restitution. [Citations omitted.] One of the basic principles applicable to this area of the law is that a defendant is liable only to the extent of the enrichment. [Citations omitted.] Id. at 766-767. We find Bank One was not enriched by the ATS checks applied to Shively's revolving credit account. Shively reborrowed everything he paid into the account. Instead, the benefit in this case flowed to Shively, his family and other creditors. When the recipient of stolen funds no longer has possession of those funds through the action of the wrongdoer, the change in circumstances will bar any restitution recovery. Stang at 767. Therefore, absent a financial benefit to Bank One, we find the trial court properly granted Bank One summary judgment on ATS and Vigilant's claim for money had and received. Appellants' Seventh and Eighth Assignments of Error are overruled. Based on the above, we find the trial court properly granted Bank One's cross-motion for summary judgment.
For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed in part, reversed in part and remanded.
By: Wise, P.J. Gwin, J., and Hoffman, J., concur.