OPINION
{¶ 1} This appeal arose out of a mortgage foreclosure commenced by Appellant and concerns the distribution of proceeds of the sale of the subject property.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Marie Schoenlein, former wife of Appellee, while a bookkeeper for her employer, George Clearly, engaged in a course of conduct of embezzlement and forgery beginning in 1985.
 {¶ 3} The stolen funds, which totaled $148,000.00 according to her admissions, were utilized to purchase a prior home and the subject property herein, 12336 Raintree Avenue, Pickerington, Ohio.
 {¶ 4} When discovery of the thefts occurred, she obtained certain loans for reimbursement.
 {¶ 5} A mortgage of $207,000.00 to Community Bank of Northern Virginia (Community Bank) was executed by her along with a forged power of attorney of Appellee's signature. Such mortgage was assigned to Country Home Loans.
 {¶ 6} Fifty-nine Thousand Eight Hundred Eight and 26/100 Dollars ($59,808.26) of such Community Bank loan funds were utilized to pay a prior Bank One mortgage (assigned to Homeside Lending) which Daniel and Marie Schoenlein had signed with money being also distributed toward her embezzlement debt.
 {¶ 7} Subsequently, again with the forged power of attorney, she executed a mortgage to Appellant.
 {¶ 8} The mortgage instructions to the loan closer prohibited the use of a power of attorney although the loan documents did not on their faces indicate that she was signing as attorney-in-fact.
 {¶ 9} The proceeds from this latter mortgage to Appellants paid the Community Bank mortgage.
 {¶ 10} Upon sale of the foreclosed Raintree property, the court was required to address the division of proceeds between two innocent parties.
 {¶ 11} The court applied $15,385.21 to Appellant for reimbursement of taxes and insurance, deducted the foreclosure costs and divided the remainder between Appellant and Appellee.
 {¶ 12} The issue involved in this appeal is the $59,808.26, used to pay the Bank One mortgage, which Appellant seeks in total, rather than sharing such with Appellee. Appellant did not seek to recover funds paid to Marie Schoenlein's other debtors.
 {¶ 13} Marie Schoenlein filed bankruptcy during the course of these events and was granted a discharge of her debts including that to Appellant as the fraudulent basis of such debt was not addressed by Appellant in the bankruptcy according to oral arguments on this appeal.
 {¶ 14} Capitol Title Agency and First American Title Insurance as closer and mortgage insurer, respectively, were joined by Appellee but then dismissed under Civil Rule 41(A).
 {¶ 15} Two Assignments of Error are raised.
 ASSIGNMENTS OF ERROR {¶ 16} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING THAT OPTION ONE MORTGAGE WAS NOT ENTITLED TO RECOVERY [SIC] THE SUM OF $59,808.26 FROM THE PROCEEDS OF THE SALE OF THE REAL ESTATE, WHICH WAS PAID TO BANC [SIC] ONE MORTGAGE IN SATISFACTION OF THAT MORTGAGE.
 {¶ 17} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO FIND THAT DANIEL SCHOENLEIN RATIFIED THE MORTGAGE TO OPTION ONE MORTGAGE."
 I. {¶ 18} In reviewing the arguments relating to the First Assignment of Error, we find that Appellee argues that the forged mortgage to Appellant by Appellee's ex-wife was void ab initio, and due to her bankruptcy, Appellant has no legal claim of a valid lien against the property and therefore no right to any portion of the funds.
 {¶ 19} In addition, Appellee asserts that Appellant's instructions to the closing agent would have prevented any loss if enforced.
 {¶ 20} While these arguments are interesting, Appellee has filed no cross-appeal and therefore no consideration to these propositions can be considered, whether they are valid or not.
 {¶ 21} In addition to the arguments of Appellee referenced above, it could also be argued that he was also negligent in not realizing that the funds obtained by his former spouse clearly were not the result of earned income but, again, this is not the subject of this appeal.
 {¶ 22} The only issue as to this Assignment is whether the court erred in making its equitable division between Appellant and Appellee, who both were found to be innocent victims.
 {¶ 23} We are not concerned with the degree of culpability of negligence, if any, of either party to this appeal.
 {¶ 24} Appellant cites National City Bank, Norwalk v. Stang (1992), 84 Ohio App.3d 764, for the proposition that restitution is appropriate if an innocent party is enriched and no circumstances make restitution inequitable.
 {¶ 25} While such case was similar to the one here, it also held that an innocent husband could not be held liable under unjust enrichment unless the entire loan was used exclusively to reduce the husband's debt. Such is not the case here.
 {¶ 26} Here, Appellant is attempting to trace funds which paid Community Bank, which in turn paid Bank One, not funds directly expended by Appellant on the Bank One mortgage.
 {¶ 27} As the Court was attempting to apply equitable principles to two affected parties, we must, in effect, ask whether an abuse of discretion occurred in applying such principals to the facts in evidence. We think not.
 {¶ 28} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 29} We find no abuse of discretion and reject the First Assignment of Error.
 II. {¶ 30} The Second Assignment concerns ratification of the forged mortgage and note to Appellee by his two payments thereon.
 {¶ 31} No cases are cited in support of such argument other than the general statement as to ratification in R.C. 1303.40.
 {¶ 32} Huntington National Bank v. Kraft, (July 15, 1986), Ohio App. 4 Dist., Pickaway County Case No. 85CA8, cited by Appellee cites:
 {¶ 33} "Thus the U.C.C., which clearly governs this note, expressly provides for a subsequent ratification of the forged signature. However, the mere signing of the document, here the note, does not amount to ratification without more. R.C. 1301.01(MM) sets out the definition of the word `signed' as applied in Chapter 13 of the Revised Code as follows: "Signed` includes any symbol executed or adopted by a party with present intention to authenticate a writing.' (emphasis added) Thus, absent a present intention to authenticate the documents, Norma Kraft's signature on the note and mortgage were nothing more than a signature. To reach the level where a signature can be considered to be a ratification of a previous forgery there must be that intent of R.C.1301.01(MM) supra, plus knowledge of the material facts for any party to make a knowing effective ratification. A person must ratify with full knowledge of material facts effecting his rights. Wilson v. Forder
(1870), 20 Ohio St. 89; Lithograph Bldg. Co. v. Watt (1917),96 Ohio St. 74."
 {¶ 34} We find that the record supports the court's finding of lack of knowledge on the part of Appellee as to the fraudulent actions of his then wife. Therefore, he was not possessed of sufficient knowledge of the material facts at the time of making such payments to constitute ratification thereof.
 {¶ 35} The Second Assignment is also denied.
 {¶ 36} The judgment of the Fairfield County Court of Common Pleas is affirmed.
Boggins, J. Wise, P.J. and Edwards, J. concurs
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellant.