[Cite as *LRC Realty, Inc. v. B.E.B. Properties*, 2020-Ohio-6999.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| LRC REALTY, INC., | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-G-0076** |
| B.E.B. PROPERTIES, | : | |
| Defendant, | : | |
| NEW PAR, d.b.a. VERIZON WIRELESS, et al., | : | |
| Defendants-Appellees, | : | |
| - vs - | : | |
| BRUCE BIRD, et al., | : | |
| Plaintiffs-Appellants. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 2014M000690.

Judgment: Affirmed in part and reversed in part; remanded.

*Timothy J. Fitzgerald*, Koehler Fitzgerald LLC, 1111 Superior Avenue East, Suite 2500, Cleveland, OH 44114 (For Plaintiff-Appellee).

*Nelson Reid*, Bricker & Eckler, LLP, 100 South Third Street, Columbus, OH 43215-4291 (For Defendant-Appellee New Par, d.b.a. Verizon Wireless).

*Robert T. Dove*, Kegler, Brown, Hill & Ritter Co., LPA, 60 East State Street, Suite 1800, Columbus, OH 43215 (For Defendant-Appellee 112 Parker Court LLC).

*James B. Rosenthal* and *Ellen M. Kramer*, Cohen Rosenthal & Kramer LLP, 3208 Clinton Avenue, One Clinton Place, Cleveland, OH 44113 (For Plaintiffs-Appellants).

TIMOTHY P. CANNON, P.J.

{¶1} Appellants Bruce and Sheila Bird ("the Birds") appealed the decision of the Geauga County Court of Common Pleas, granting summary judgment in favor of Appellees 112 Parker Court LLC ("112 Parker Court") and LRC Realty, Inc. ("LRC Realty"). This matter is currently before this court on remand from the Supreme Court of Ohio. At issue is who owns the right to receive rental payments from a cellular tower's owner following the transfer of the underlying property. Following remand, LRC Realty and the Birds, individually and as successors to B.E.B. Properties, reached a settlement of all claims between them in the consolidated actions that are part of this appeal. The only claims and issues remaining for adjudication are those related to damages as between 112 Parker Court and the Birds, individually and as successors to B.E.B. Properties. The trial court's judgment is affirmed in part and reversed in part, and the matter is remanded for further proceedings.

{¶2} The facts of the matter at hand have previously been conveyed at length in *LRC Realty, Inc. v. B.E.B. Properties*, 11th Dist. Geauga No. 2016-G-0076, 2018-Ohio-2887 ("*The Birds I*"). The following synopsis is adopted from *LRC Realty, Inc. v. B.E.B. Properties*, 160 Ohio St.3d 218, 2020-Ohio-3196 ("*The Birds II*").

{¶3} In 1994, B.E.B. Properties leased a portion of the roughly three-acre commercial property it owned in Chardon, Ohio, to Northern Ohio Cellular Telephone Company ("Northern Ohio Cellular"). B.E.B. Properties also granted Northern Ohio Cellular an easement on that same property. Both the lease and the easement were subsequently recorded, and a cellular tower was erected on the site.

2

{¶4} In 1995, B.E.B. Properties sold the property to two individuals, Keith Baker and Joseph Cyvas. Within months after selling the property to Baker and Cyvas, two of the three general partners in B.E.B. Properties sold their interests in the partnership to the third partner and his wife, the Birds. The Birds understood this transaction to include the assignment of the right to receive all future rental payments for the cellular tower located on the partnership's former property.

{¶5} Pertinently, throughout the time that Baker and Cyvas owned the property, the Birds did, in fact, receive annual rental payments from Northern Ohio Cellular and its successor in interest, Appellee New Par d.b.a. Verizon Wireless ("New Par"). New Par continued to send the Birds its rental payments even after 112 Parker Court purchased the land from Baker and Cyvas's successor in interest in 2003.

{¶6} In 2013, LRC Realty acquired the property from 112 Parker Court and began inquiring about its rights to the rental payments. Shortly thereafter, this litigation commenced.

{¶7} In 2014, LRC Realty filed a complaint against B.E.B. Properties, 112 Parker Court, and New Par, seeking a declaratory judgment that it was entitled to the annual rental payments for the cellular tower located on its property. LRC Realty also sought to recover the rental payments that New Par had paid the Birds in 2013. As the assignees of B.E.B. Properties, the Birds responded and filed a counterclaim and cross-claim, asking the court to declare that they were entitled to receive the rental payments and to reform a warranty deed in the chain of title of the property to reflect that fact.

{¶8} In 2015, after New Par filed a notice of interpleader of that year's rental payment, the parties filed cross-motions for summary judgment. The trial court denied

3

the Birds' motion for summary judgment, including their request for reformation of the deed. The trial court granted 112 Parker Court's and LRC Realty's motions for summary judgment in part. The Birds were ordered to pay 112 Parker Court the rent they had received from New Par beginning April 1, 2007 (eight years preceding suit, *see* R.C. 2305.06) through March 31, 2013; and to pay LRC Realty the rent they had received from April 1, 2013, through March 31, 2014. The trial court also awarded LRC Realty the funds that New Par had deposited with the court.

{¶9} Following that ruling, the Birds appealed to this court. The majority opinion affirmed the trial court's judgment with respect to reformation of the deed and with respect to all claims against New Par. *The Birds I*, *supra*, at ¶48. The majority reversed the trial court's judgment with respect to the legal claims involved, holding that the Birds were entitled to the past and future rental payments based on the language contained in the deed transferring the property from B.E.B. Properties to Baker and Cyvas. *Id.* at ¶45. The case was remanded with an instruction for the trial court to enter judgment in favor of the Birds. *Id.* at ¶49.

{¶10} LRC Realty and 112 Parker Court separately appealed to the Supreme Court of Ohio, which accepted jurisdiction. The Supreme Court held that "B.E.B. Properties did not reserve the right to receive future rental payments for the leased land when it conveyed the property to Baker and Cyvas and its subsequent assignment of that interest to the Birds was thus ineffective." *The Birds II*, *supra*, at ¶21. Consequently, the Supreme Court reversed this court's majority opinion concluding otherwise. *Id.* The case was remanded to this court to address other issues that remained unresolved in our previous opinion. *Id.* at ¶22.

4

{¶11} The text of the Birds' assignments of error reads as follows:

[1.] The trial court committed prejudicial error in granting summary judgment and awarding damages in favor of [112 Parker Court and LRC Realty], and denying [the Birds'] motion for summary judgment, holding that [the Birds'], individually and as successors and assigns of B.E.B. Properties, never had any right to receive rent from the cellphone tower lease and must pay all rent received within 8 years of filing the Complaints to past and current owners of the property.

[2.] The trial court committed prejudicial error in granting judgment and awarding damages to [112 Parker Court and LRC Realty], when [their] direct claims against [the Birds] for money were equitable in nature, and when derivative liability was not briefed on summary judgment.

[3.] The trial court committed prejudicial error in granting judgment to [112 Parker Court], and requiring [the Birds] to pay to [112 Parker Court] all rent they received from 2007 through 2012, when undisputed evidence established that [112 Parker Court] had actual knowledge of the reservation of rent to a prior owner.

[4.] The trial court committed prejudicial error in granting judgment to [112 Parker Court], and requiring [the Birds] to pay to [112 Parker Court] all rent they received from 2007 through 2012, based on R.C. 2305.06, the statute of limitations for written contracts, when the undisputed evidence established no contract between the Birds and [Parker Court], written or otherwise.

Our review upon remand is limited to the arguments raised under these assignments of error as to whether any equitable defenses should apply based on the parties' courses of conduct. *Id.* As a result of a settlement reached between the Birds and LRC Realty as to all claims between them in the actions that are part of this appeal, our review is further limited to the claims and issues between the Birds and 112 Parker Court.

{¶12} "Because our analysis of these issues arises out of the trial court's grant of summary judgment in this case, we apply a de novo standard of review." *Id.* at ¶11, citing *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000), citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is proper when (1) the evidence shows "that

5

there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." Civ.R. 56(C).

{¶13} 112 Parker Court moved for summary judgment to recover rent payments made by New Par to the Birds. 112 Parker Court argued that New Par was liable for breach of lease and that the Birds were liable for tortious interference with contract.

{¶14} The trial court granted New Par's motion for summary judgment and denied Parker Court's motion with respect to its claim against New Par, but the court rendered judgment against the Birds. The trial court found:

> After BEB sold the property, Baker and Cyvas, (and then their company Magnum), owned the property, were the landlords, and were entitled to the rent. Baker and Cyvas agreed with BEB and the Birds not to collect the rent. Baker and Cyvas allowed Northern/New Par to pay rent as instructed by BEB and the Birds. These agreements, however, do not override the right of the succeeding property owners to rely on recorded documents and to receive rent according to the recorded lease and deeds.

The trial court held that "Northern/New Par fulfilled its duty to pay rent as instructed" and was "not required to pay past rental installments to property owners who failed to provide payment instructions." The judgment in favor of New Par has not been challenged on appeal.

{¶15} On appeal, the Birds argue that in the absence of any express legal theory relied upon by the trial court in ordering them to pay 112 Parker Court, the damage awards were necessarily equitable in nature; derivative liability was not argued in 112 Parker

6

Court's motion for summary judgment; and 112 Parker Court invoked claims for "money had and received" and "money mistakenly received."

{¶16}  "Ohio recognizes an action for money had and received when a party to a contract has fully performed and another party has been unjustly enriched thereby.  The action is an equitable action, based not on contract but on a moral obligation to make restitution where retention of benefits bestowed would result in inequity and injustice.  Thus, a party to a contract may defeat an action on the contract but, nevertheless, be liable in equity."  *Natl. City Bank, Norwalk v. Stang*, 84 Ohio App.3d 764, 766-767 (6th Dist.1992), citing *Hummel v. Hummel*, 133 Ohio St. 520, 526 (1938).  Under the theory of money had and received, judgment may be rendered against a party who was not a contracting party, but who nevertheless acted to withhold money that in justice and equity belonged to another.  *See Hummel, supra*, at 529-530.  Further, "[a] cause of action for money had and received lies when one receives money from another *without* valuable consideration given on the receiver's part."  *Hameroff/Milenthal/Spence, Inc. v. Grigg*, 10th Dist. Franklin No. 96APE03-289, 1996 WL 598537, *2 (Oct. 15, 1996) (emphasis added), citing *Hummel, supra*, at 527.

{¶17}  Tortious interference with a contract has been described as follows:  "'One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.'"  *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 418-419 (1995), quoting Restatement of the Law 2d, Torts, Section 766 (1979).

7

{¶18} The Birds maintain that it is inequitable for them to pay 112 Parker Court damages for the rent payments they received. The Birds assert they were the only party to pay value for the right to receive cellular tower lease payments. Specifically, the Birds note that when B.E.B. Properties sold the property to Baker and Cyvas, the parties understood that the transfer did not include the right to receive rental payments. When B.E.B. Properties assigned the right to receive rental payments to the Birds, they paid value for the right.

{¶19} David J. Eardley, a partner in B.E.B. Properties and the partnership's attorney, testified by affidavit as follows:

> In March 1995, B.E.B. Properties entered into an agreement to sell the property to Keith Baker and Joseph Cyvas for $430,000. I handled the negotiations on behalf of the partnership. In the course of those negotiations, B.E.B. Properties offered Baker and Cyvas the right to receive the lease payments for an additional payment of $100,000, above the Original Purchase Price of $430,000 that had been previously agreed upon. Baker and Cyvas declined to acquire those rights, instead paying $430,000 for the property without the right to receive the cellphone tower lease payments.

{¶20} An affidavit submitted by Keith Baker confirms B.E.B. Properties' offer to sell the right to receive royalties from the cellular tower lease and Baker and Cyvas's rejection of the offer: "Mr. Cyvas and I did not feel that we would have received a reasonable return on that additional investment and declined to acquire rights to the income from the cellphone tower."

{¶21} Bruce Bird testified by deposition that he and Sheila Bird paid $66,666.66 to acquire the right to receive rent under the cellular tower lease. This figure represented the interest of the other two partners in B.E.B. Properties ($33,333.33 each) based on the same offering price of $100,000.00 presented to Baker and Cyvas. The understanding

8

was reflected in the Assignment executed by B.E.B. Properties and the Birds. In a letter dated July 18, 1995, Eardley advised Northern Ohio Cellular that the Birds had "acquired the rights under the lease agreement," including the right to receive payments.

{¶22} The Birds further claim that 112 Parker Court did not pay value for the right to receive rent payments and that 112 Parker Court had knowledge that the Birds were receiving payment under the Assignment.

{¶23} Baker testified by affidavit that, when Baker and Cyvas (Magnum Machine Co.) sold the property to 112 Parker Court, he "explained to Mr. Bennett [principal for 112 Parker Court] that the deal [they] were offering him had nothing to do with the cellphone tower" and "[they] did not own the rights to the cellphone tower royalties." In a document created in or around June 2004 as part of an application for financing with the Small Business Administration, Bennett acknowledged "that lessee is currently paying rent to a prior owner of the property and not the owner [112 Parker Court] and that the owner has not assumed any of the obligations as the lessor under the lease nor is owner entitled to any rent under the lease at this time."

{¶24} Bernard Casamento, owner of LRC Realty, testified by deposition that when LRC Realty acquired the property from 112 Parker Court, there was no understanding that he would be acquiring the right to receive rental payments under the cellular tower lease.

{¶25} 112 Parker Court disputes the Birds' claims regarding its knowledge of the cellular tower lease and the balance of equities. For present purposes, it is sufficient to recognize that the Birds have raised genuine issues of material fact regarding 112 Parker Court's entitlement to recover damages for the rent payments received by the Birds from

9

New Par.  *See Blue View Corp. v. Rhynes*, 9th Dist. Summit No. 23034, 2006-Ohio-4084, ¶14 ("Such balancing of equities involves a weighing of the evidence, which is inappropriate on summary judgment.").

{¶26} Accordingly, the Birds' assignments of error have merit to the extent indicated herein.

{¶27} For the foregoing reasons, the decision of the Geauga County Court of Common Pleas is affirmed with respect to the Birds' claim for reformation and with respect to all claims against New Par.  The decision is reversed with respect to the damage claims against the Birds in favor of 112 Parker Court.  Further, the matter is settled with respect to all claims between the Birds and LRC Realty.  This matter is remanded to the trial court for further proceedings consistent with this opinion.  Costs to be taxed against all parties equally.


THOMAS R. WRIGHT, J.,

MARY JANE TRAPP, J.,

concur.