[Cite as *Mong v. Kovach Holdings, L.L.C.*, 2013-Ohio-882.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| JOSEPH D. MONG, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | CASE NO. 2012-T-0063 |
| KOVACH HOLDINGS, LLC, et al., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2010 CV 02721.

Judgment: Affirmed.

*Matthew G. Vansuch*, Harrington, Hoppe & Mitchell, Ltd., 108 Main Avenue, S.W., #500, P.O. Box 1510, Warren, OH 44482 (For Plaintiff-Appellant).

*Jerry M. Bryan, Wade T. Doerr,* and *Jerry R. Krzys,* Henderson, Covington, Messender, Newman & Thomas, 6 Federal Plaza Central, Suite 1300, Youngstown, OH 44503 (For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1} Plaintiff-appellant, Joseph D. Mong, appeals the Judgments of the Trumbull County Court of Common Pleas, granting summary judgment to defendant-appellee, Kovach Holdings, LLC, and dismissing Mong's Complaint to reform a real estate deed to comply with the contract of sale. The issues before this court are whether the reformation of an instrument is justified where the contract of sale indicates the reservation of oil and gas rights but the deed omits such reservation, and whether

such remedy is precluded by the doctrine of merger.  For the following reasons, we affirm the decision of the court below.

{¶2}  On October 13, 2010, Mong filed a Complaint in the Trumbull County Court of Common Pleas, against Kovach Holdings and Atlas Energy Resources.  Mong alleged that, on September 21, 2009, he sold real estate to Kovach Holdings under a contract of sale.  "The deed * * * for said real estate does not conform to said contract because it does not include a reservation of the gas and oil royalties to Plaintiff, as noted in the contract [of sale].  Said variance between the contract and the deed is caused by mutual mistake of the parties."  Complaint at ¶ 3.  Mong further alleged that he is entitled to royalties attributable to the real estate at issue and in the possession of Kovach Holdings and/or Atlas Energy Resources.

{¶3}  Kovach Holdings and Atlas Energy Resources filed separate Answers.

{¶4}  Atlas Energy Resources' Answer provides that it "has a valid oil and gas leasehold interest in the described premises, which survives this litigation," and that it is "paying the oil and gas royalties into escrow pending resolution of this dispute."

{¶5}  On December 2, 2010, Mong filed a Motion for Summary Judgment Against Kovach Holdings.  In an attached Affidavit, Mong gave the following testimony:

{¶6}  On or about August 4, 2009, I purchased a 70.594 acre parcel at 2584 State Route 7 in Hartford Township from Alice K. McMenamin.  The warranty deed transferring the property to me was recorded with the Trumbull County Recorder on August 14, 2009.  * * *  In that deed, Mrs. McMenamin reserved "the oil and gas royalties for the duration of her natural life, but for a term not to

2

exceed 10 years from the date" thereof [i.e., August 4, 2019]. The property was put up for sale at an auction conducted by Richard T. Kiko Agency, Inc. on September 21, 2009. * * * On behalf of Kovach Holdings, LLC, Michael Kovach bid $245,300 for the property. This was the highest bid. That same day, Kovach (on behalf of Defendant Kovach Holdings, LLC) and I entered into a purchase agreement for the sale of the property. * * * In the agreement, there is a section for additional provisions; several were typed therein. Below that section, the following language was handwritten onto the agreement: "Gas + oil Royalty Reserved by Present owner." This is consistent with my intent to retain those royalties for the property while selling the remaining rights thereto. This additional provision had been written onto the purchase agreement before the parties signed it. On or about October 5, 2009, I signed a warranty deed prepared for me by Commonwealth-Suburban Title Agency, Inc. that transferred the property to Defendant Kovach Holdings, LLC. * * * The deed was recorded with the Trumbull County Auditor on or about October 9, 2009. However, the deed does not conform to the written terms or our intent at the time of the purchase agreement because it did not include a reservation of the gas and oil royalties to the present owner, which was me.

**{¶7}** Mong subsequently filed with the trial court an audio-cassette recording of the September 21, 2009 auction and an Affidavit of Russell T. Kiko, Jr., which gave the following testimony:

> **{¶8}** I conducted an auction of the property identified in the *Complaint* filed herein on September 21, 2009. * * * During the auction, I stated that approximately 400,000 cubic feet of "free gas" per year would stay with the property and that the royalties were going to be reserved. * * * During the auction, I stated that the royalties were going to be reserved and that the income did not transfer, but the free gas would.

**{¶9}** On January 25, 2011, Kovach Holdings filed a Cross-Motion for Summary Judgment. In an attached Affidavit, Michael Kovach gave the following testimony:

> **{¶10}** I, Michael Kovach, am the sole owner and managing member of Kovach Holdings, LLC * * *. I purchased the property subject to this action at auction pursuant to the auction rules attached hereto. The property was advertised and offered without reservation of the mineral rights. I purchased the property for the purpose of developing and investing in the mineral rights, which influenced my decision to offer the purchase price prevailing at auction. After I submitted the winning bid and the auction was ended, the auctioneer told me that the only reservation of rights was a life estate that would soon come to an end. I told the auctioneer that I would not buy the property without the mineral rights, and the

4

auctioneer assured me that all mineral rights would transfer to me if I would sign to confirm my bid. I never expressed any intent to purchase the property subject to a reservation of mineral rights or royalties. I agreed to purchase the property only as advertised, without reservation of mineral rights or royalties, as an expressed condition of purchase.

**{¶11}** The warranty deed, transferring the property from Mong to Kovach Holdings, states that the premises "are free from all incumbrances whatsoever, except conditions and restrictions of record."

**{¶12}** On September 7, 2011, the trial court entered a Judgment Entry, denying Mong's Motion for Summary Judgment.

**{¶13}** On July 19, 2012, the trial court entered a Judgment Entry, granting Kovach Holdings' Cross-Motion for Summary Judgment, and dismissing the action.

**{¶14}** On August 7, 2012, Mong filed his Notice of Appeal. On appeal, Mong raises the following assignments of error.

**{¶15}** "[1.] The trial court erred to the prejudice of the Appellant by denying him summary judgment.

**{¶16}** "[2.] The trial court erred to the prejudice of the Appellant by granting summary judgment to Appellee."

**{¶17}** Mong's assignments of error will be jointly considered.

**{¶18}** Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from

5

the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under this standard, the reviewing court conducts an independent review of the evidence before the trial court and renders a decision de novo, i.e., as a matter of law and without deference to the conclusions of the lower court. *Perry v. Liberty Twp.*, 11th Dist. No. 2012-T-0056, 2012-Ohio-741, ¶ 12.

{¶19} Mong asserts that he is entitled to judgment under a theory of reformation. Kovach Holdings claims such relief is precluded under the merger doctrine. Both parties' positions depend on the existence of a mutual mistake of fact.

{¶20} "It is well-established that 'reformation of an instrument is an equitable remedy whereby a court modifies the instrument which, due to mutual mistake on the part of the original parties to the instrument, does not evince the actual intention of those parties.'" *Zwaryz v. Wiley*, 11th Dist. No. 98-A-0073, 1999 Ohio App. LEXIS 3867 (Aug. 20, 1999), *4, citing *Mason v. Swartz*, 76 Ohio App.3d 43, 50, 600 N.E.2d 1121 (6th Dist.1991).

{¶21} "Reformation is available where it is shown that the written instrument does not express the true agreement entered into between the contracting parties by reason of mistake common to them; in such a case equity affords the restorative remedy of reformation in order to make the writing conform to the real intention of the

6

parties." *Wagner v. Natl. Fire Ins. Co.*, 132 Ohio St. 405, 412, 8 N.E.2d 144 (1937). "Equity, however, will never make a new contract for those who executed the writing sought to be reformed." *Id.* "It is established that in a proper case it is admissible to show the true agreement by parol * * *; but the law attaches a certain sanctity to written instruments and therefore reformation is available only when the mutual mistake is shown by clear and convincing evidence." *Id.* at 412-413; *Stewart v. Gordon*, 60 Ohio St. 170, 53 N.E. 797 (1899), paragraph one of the syllabus ("the proof of the mutuality of the mistake must be clear and convincing, a mere preponderance is not sufficient").

{¶22} Under the merger doctrine, "[w]here a deed is delivered and accepted without qualification pursuant to agreement, no cause of action upon the prior agreement thereafter exists." *Fuller v. Drenberg*, 3 Ohio St.2d 109, 209 N.E.2d 417 (1965), paragraph one of the syllabus. Ohio courts have recognized exceptions to the merger doctrine, such as fraud or mistake. *Mayer v. Sumergrade*, 111 Ohio App. 237, 239, 167 N.E.2d 516 (8th Dist.1960).

{¶23} The determinative question, then, is whether, as matter of law, there is clear and convincing evidence of a mutual mistake with respect to the reservation of oil and gas royalties. In the present case, such evidence does not exist.

{¶24} Contrary to Mong's position, the contract of sale does not express an intent contrary to the terms of the warranty deed. The contract provides that oil and gas royalties were to be reserved by "the present owner." The deed provides that the property is subject to "conditions and restrictions of record." The only valid condition and/or restriction of record is the following reservation contained in the warranty deed conveying the property from McMenamin to Mong: "Grantor [McMenamin] herein

7

reserves the oil and gas royalties for the duration of her natural life, but for a term not to exceed 10 years from the date hereof [August 4, 2009]." At the time Mong and Kovach Holdings entered into the sales contract, McMenamin, not Mong, was "the present owner" of the oil and gas royalties. Mong's interest in these royalties was a future interest, albeit an alienable one. *See First Natl. Bank of Cincinnati v. Tenney*, 165 Ohio St. 513, 519, 138 N.E.2d 15 (1956) ("[a] vested remainder is an actual estate and, by the rules of the common law, is susceptible of a sale and transfer of title") (citation omitted).

**{¶25}** This conclusion is bolstered by the fact that, elsewhere in the sales contract, including other "provisions" added by the parties, Mong is identified as the "seller." Only in the provision regarding oil and gas royalties is there reference to a "present owner."[1]

**{¶26}** This construction of the contract of sale and the deed is consistent with the other evidence submitted by the parties. Kiko testified that, during the auction, he stated that the property was subject to a reservation of rights, without specifying the nature of the reservation. Kovach testified that Kiko represented to him that the reservation "was a life estate that would soon come to an end." As noted above, this testimony is consistent with the contract and the deed, both of which recognize McMenamin's limited life estate in the royalties.[2]

---

1. It is interesting to note that, while Mong and Kovach in their Affidavits attest their subjective intentions with respect to oil and gas royalties, neither party has identified who added the additional provision reserving royalties to "the present owner."
2. Atlas Energy Resources' Answer likewise asserts: "Alice K. McMenamin reserved oil and gas royalties related to parcel number 05-041315 for the earlier of the duration of her natural life or August 4, 2019, as set forth and described in a warranty deed executed on August 4, 2009 and recorded on August 14, 2009 as Trumbull County Recorder Deed Instrument Number 200908140015937."

{¶27} The only evidence before the court inconsistent with a reservation of royalties to McMenamin is Mong's statement that he did not intend to convey his interest in the oil and gas royalties. This statement is not sufficient to defeat Kovach Holdings' Cross-Motion for Summary Judgment. At best, it creates some ambiguity as to who was intended by the denomination "present owner." Such ambiguity, however, is not evident on the face of the documents. Moreover, we are bound by the rule of construction that a "conveyance is to be construed most strongly as against the grantor, or in favor of the grantee." (Citation omitted.) *Pure Oil Co. v. Kindall*, 116 Ohio St. 188, 203, 156 N.E. 119 (1927). "Applying this rule, an exception or reservation in a conveyance is construed in favor of the grantee rather than of the grantor." *Id.* ("[m]any cases might be cited in support of this rule, but the same is so elementary that citation is unnecessary").

{¶28} Mong's two assignments of error are without merit.

{¶29} For the forgoing reasons, the Judgments of the Trumbull County Court of Common Pleas, denying Mong's Motion for Summary Judgment, granting Kovach Holdings' Cross-Motion for Summary Judgment, and dismissing the Complaint, are affirmed. Costs to be taxed against appellant.

TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.

9