[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *LRC Realty, Inc. v. B.E.B. Properties*, Slip Opinion No. 2020-Ohio-3196.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3196

LRC REALTY, INC., APPELLANT, *v.* B.E.B. PROPERTIES ET AL.; 112 PARKER COURT, L.L.C., APPELLANT; BIRD ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *LRC Realty, Inc. v. B.E.B. Properties*, Slip Opinion No. 2020-Ohio-3196.]

*Real property—Absent an express reservation, the right to receive rents runs with the land and follows the legal title—Court of appeals' judgment reversed and cause remanded.*

(No. 2018-1262—Submitted December 11, 2019—Decided June 9, 2020.)

APPEAL from the Court of Appeals for Geauga County,

No. 2016-G-0076, 2018-Ohio-2887.

_____

**FISCHER, J.**

{¶ 1} This case concerns the leased land beneath a cell tower and the right to receive rental payments from the tower's owner following the transfer of the underlying property. Specifically, this case asks us to reaffirm and apply the

time-tested rule that absent an express reservation in the deed conveying the property, a covenant to pay rent runs with the land. Because the deed at issue here did not contain such a reservation, we reverse the judgment of the court below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} In 1994, B.E.B. Properties leased a portion of the roughly three-acre commercial property it owned in Chardon, Ohio, to Northern Ohio Cellular Telephone Company. B.E.B. Properties also granted Northern Ohio Cellular an easement on that same property. Both the lease and the easement were subsequently recorded and a cellular tower was erected on the site.

{¶ 3} In 1995, B.E.B. Properties sold the property to two individuals, Keith Baker and Joseph Cyvas. Within months after selling the property to Baker and Cyvas, two of the three general partners in B.E.B. Properties sold their interests in the partnership to the third partner and his wife, appellees Bruce and Sheila Bird. The Birds understood this transaction to include the assignment of the right to receive all future rental payments for the tower located on the partnership's former property.

{¶ 4} Pertinently, throughout the time that Baker and Cyvas owned the property, the Birds did, in fact, receive annual rental payments from Northern Ohio Cellular and its successor in interest, appellee New Par. And, New Par continued to send the Birds its rental payments even after appellant 112 Parker Court, L.L.C., ("Parker Court") purchased the land from Baker and Cyvas's successor in interest.

{¶ 5} In 2013, appellant LRC Realty, Inc., acquired the property from Parker Court and then began inquiring about its rights to the rental payments. Not long after that, this litigation commenced.

{¶ 6} In 2014, LRC Realty filed a complaint against B.E.B. Properties, Parker Court, and New Par seeking a declaratory judgment that it was entitled to

the annual rental payments for the cell tower located on its property.  LRC Realty also sought to recover the rent that New Par had paid the Birds in 2013.  As the assignees of B.E.B. Properties, the Birds responded and filed a counterclaim and cross-claim, asking the court to declare that they were entitled to receive the rental payments and to reform several of the deeds in the chain of title of the property to reflect that fact.

{¶ 7} In 2015, after New Par filed a notice of interpleader of that year's rental payment, the parties filed cross-motions for summary judgment.  The trial court granted Parker Court's and LRC Realty's motions for summary judgment in part and denied the Birds' motion.  The trial court ordered the Birds to pay Parker Court the rent that they had received from 2007 to 2013 and to pay LRC Realty the rent that they had received in 2013.  The trial court also awarded LRC Realty the funds that New Par had deposited with the court.

{¶ 8} Following that ruling, the Birds appealed to the Eleventh District Court of Appeals.  The Eleventh District affirmed the trial court's judgment in part and reversed it in part.  With respect to the legal claims involved, the court found that the Birds were entitled to the past and future rental payments based on the language contained in the deed transferring the property from B.E.B. Properties to Baker and Cyvas and remanded the case with an instruction for the trial court to enter a judgment in favor of the Birds.

{¶ 9} LRC Realty and Parker Court separately appealed to this court, and we granted jurisdiction.  154 Ohio St.3d 1437, 112 N.E.3d 923, 2018-Ohio-4732.

## II.  ANALYSIS

{¶ 10} This case presents two issues: (1) whether it is still true that absent an express reservation in the deed conveying property, the right to receive rents runs with the land and (2) whether language in a deed indicating that the property being conveyed is "subject to" a recorded lease agreement and easement is

sufficient to reserve the grantor's right to receive future rental payments under that lease agreement.

{¶ 11} Because our analysis of these issues arises out of the trial court's grant of summary judgment in this case, we apply a de novo standard of review. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390, 738 N.E.2d 1243 (2000), citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

### A. *The Right to Receive Rental Payments*

{¶ 12} The parties all agree that absent a reservation in the deed conveying the property, the right to receive rents runs with the land. We agree with this statement of law.

{¶ 13} Under the common law of this state, a covenant to pay rent ran with the land. *Smith v. Harrison*, 42 Ohio St. 180, 185 (1884). This meant that the right to receive rents and profits would ordinarily follow the legal title. *Commercial Bank & Savs. Co. v. Woodville Savs. Bank Co.*, 126 Ohio St. 587, 186 N.E. 444 (1933), paragraph one of the syllabus. One exception to that general rule occurred when the grantor included a specific provision reserving the right to receive rental payments in the deed conveying the subject property. *See Liberal S. & L. Co. v. Frankel Realty Co.*, 137 Ohio St. 489, 501, 20 N.E.2d 1012 (1940).

{¶ 14} The General Assembly codified these common-law rules in R.C. 5302.04. That statute provides that "[i]n a conveyance of real estate or any interest therein, all rights, easements, privileges, and appurtenances belonging to the granted estate shall be included in the conveyance, unless the contrary is stated in the deed * * *." R.C. 5302.04.

{¶ 15} Against this backdrop, we hold that the right to receive rents runs with the land and follows the legal title unless it is reserved by the grantor in the deed conveying the property.

### B.  The Reservation Clause

{¶ 16} We now turn our attention to the deed involved here and decide whether it reserved to B.E.B. Properties and subsequently the Birds the right to receive future rental payments from the owner of the cell tower located on the transferred property.

{¶ 17} When interpreting a deed, the primary goal of this court is to give effect to the intentions of the parties.  *Koprivec v. Rails-To-Trails of Wayne Cty.*, 153 Ohio St.3d 137, 2018-Ohio-465, 102 N.E.3d 444, ¶ 23.  The best way to do that is to look at the words found within the four corners of the deed itself and to adhere to the plain language used there.  *See id.*; *see also Jolliff v. Hardin Cable Television Co.*, 26 Ohio St.2d 103, 106, 269 N.E.2d 588 (1971), citing *Hinman v. Barnes*, 146 Ohio St. 497, 508, 66 N.E.2d 911 (1946).

{¶ 18} The language that the Eleventh District focused on in the deed before us provides:

> "B.E.B. Properties * * * the said Grantor, does for its self and its successors and assigns, covenant with * * * Grantees [Baker and Cyvas] * * * that it will warrant and defend said premises * * * against all lawful claims and demands whatsoever, *such premises further to be subject to the specific encumbrances on the premises as set forth above*."

(Third ellipsis and emphasis sic.)  2018-Ohio-2887, 118 N.E.3d 260, ¶ 39.

{¶ 19} The Eleventh District believed that the "specific encumbrances on the premises as set forth above" language was a reference to the previously recorded lease and easement and therefore reserved the right to receive future rental payments in favor of B.E.B Properties, giving the Birds that right by way of

B.E.B. Properties' subsequent assignment. *Id.* at ¶ 40-42. We disagree with the Eleventh District's interpretation and the conclusions it drew from that reading.

{¶ 20} *Black's Law Dictionary* defines a reservation as "[t]he creation of a new right or interest (such as an easement), by and for the grantor, in real property being granted to another." *Black's Law Dictionary* 1500 (10th Ed.2014). While no magic words are required to create a reservation, typically a reservation clause will contain the words "reserve," "reserving," or "reservation." *See Gill v. Fletcher*, 74 Ohio St. 295, 304, 78 N.E. 433 (1906). Parties will also use the words "except" or "excepting" to achieve the same ends, *see, e.g.*, *id.*, although it should be noted that an exception is technically distinct from a reservation, *see Black's* at 683 (defining "exception" as "[t]he retention of an existing right or interest, by and for the grantor, in real property being granted to another"). Sometimes, parties will even use the words "reserve" and "except" together. *See, e.g.*, *Gill* at 304. So, for example, a reservation may be stated by simply acknowledging that the conveyance of the property is subject to a reservation and then including a description of the thing the grantor is reserving. *See, e.g.*, *Ohio Transaction Guide*, Section 188.200.

{¶ 21} Crucially, in this case, no words of reservation appear on the face of the instrument in connection with the words "rent" or "rental payments," which are entirely absent from the deed. Unlike the Eleventh District, we do not read the words "subject to the specific encumbrances on the premises as set forth above" to make up for the lack of a specific reservation clause or some language in the deed reserving the right to receive future rental payments. Accordingly, in the absence of such wording, B.E.B. Properties did not reserve the right to receive future rental payments for the leased land when it conveyed the property to Baker and Cyvas and its subsequent assignment of that interest to the Birds was thus ineffective. After all, it is impossible to assign an interest that one does not possess. *Smith v. Barrick*, 151 Ohio St. 201, 85 N.E.2d 101 (1949), paragraph

five of the syllabus.  Consequently, we reverse the Eleventh District's judgment concluding otherwise.

### *C.  Remand*

{¶ 22} Our reaffirmation of certain longstanding legal principles and their application to the deed at issue here does not put an end to this matter, however. As Judge Grendell observed in her dissent below and as the facts of this case make clear, there are still other issues that remain unresolved—e.g., whether any equitable defenses should apply based on the parties' courses of conduct. Because the Eleventh District did not previously address these issues, we remand the cause to that court so that it may do so now, in light of our decision today.

### III.  CONCLUSION

{¶ 23} For the reasons stated above, we hold that absent a reservation, the right to receive rents runs with the land and follows the legal title.  Because the words in the deed at issue here did not create such a reservation, we reverse the judgment of the Eleventh District Court of Appeals and remand the matter to that court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and KENNEDY, FRENCH, DEWINE, DONNELLY, and STEWART, JJ., concur.

––––––––––––––––––

Koehler Fitzgerald, L.L.C., James F. Koehler, and Timothy J. Fitzgerald, for appellant LRC Realty, Inc.

Kegler, Brown, Hill & Ritter Co., L.P.A., and Robert Dove; and Robert A. Franco, for appellant 112 Parker Court, L.L.C.

Cohen Rosenthal & Kramer, L.L.P, James B. Rosenthal, and Ellen M. Kramer, for appellees Bruce and Sheila Bird.

Gregory W. Happ, urging reversal for amicus curiae, Ohio Association of Independent Title Agents.

_____